2000 ME 56

**Carleton GREELY**

v.

**COMMISSIONER, DEPARTMENT OF HUMAN SERVICES.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 14, 2000.

Decided March 31, 2000.

Carleton D. Greely, Casco, for plaintiff.

Andrew Ketterer, Attorney General, Christina M. Hall, Asst. Attorney General, Augusta, for defendant.

Before WATHEN, C.J., and
CLIFFORD, RUDMAN, DANA,
SAUFLEY, ALEXANDER and
CALKINS, JJ.

CLIFFORD, J.

[¶ 1] Carleton Greely appeals from a judgment of the Superior Court (Cumberland County, *Crowley, J.*), entered pursuant to M.R. Civ. P. 80C, affirming a decision of the Maine Department of Human Services concerning Greely's eligibility to receive Medicaid benefits.[1] The Department determined that Greely's income exceeded the eligibility limit of the Medicaid program, and that he would have to spend down certain amounts of his own funds before receiving more Medicaid benefits. Greely asserts that the Department's decision that resulted in a change in his benefits is (1) in violation of due process and equal protection, (2) affected by bias, and (3) an abuse of discretion. In addition, Greely claims the burden of proof was improperly placed on him. Finding neither legal error nor abuse of discretion, we affirm the judgment.

[¶ 2] The facts are not in dispute. Carleton Greely is 72 years old and suffers from severe complications of diabetes. He requires more than $10,000 in various medications every year in order to maintain his health. The Medicaid eligibility income limit in Maine has been set to be equal to what has been determined to be the federal poverty level, *see* 22 M.R.S.A. § 3174–G(1–A), which in November 1998 was $671 per month. Taking into account the federal and state "disregards" of $20 and $55 respectively, Greely's "countable income" for eligibility purposes was $764.64, or $93.64 over the Medicaid eligibility limit. Accordingly, the Department informed Greely that he would no longer receive Medicaid benefits under the "categorically needy" aspect of this program.

[¶ 3] The Department also notified Greely that he now qualified for different coverage for the "medically needy." This program, however, required Greely to pay down or spend over a 6–month period a deductible of $2,697.84 before such coverage would become available.[2] Given Greely's income, this leaves him with only a very limited amount of funds for his ordinary living expenses.

[¶ 4] Greely's benefits were reinstated pending the outcome of a "fair hearing" requested by Greely. The hearing was conducted by the Hearing Officer for the Department. With Greely participating by telephone, the Department presented evidence of Greely's income level, which Greely conceded was accurate.[3] Following this hearing, the Hearing Officer issued his decision that the Department had correctly determined that Greely was no longer eligible for full Medicaid benefits. Greely appealed to the Superior Court pursuant to M.R. Civ. P. 80C. Again, Greely was granted a stay of the Department's decision pending the outcome of his appeal to the Superior Court. The Superior Court affirmed the Department's decision, and Greely filed this appeal.

[¶ 5] We review a final agency action directly for "an abuse of discretion, error of law, or findings unsupported by substantial evidence on the record." *Herrick v. Town of Mechanic Falls*, 673 A.2d 1348, 1349 (Me.1996).

[¶ 6] Notwithstanding Greely's contentions to the contrary, the record discloses no constitutional violation in this case. Procedurally, Greely has had notice

1. Medicaid, a program established pursuant to the Social Security Act, enables states to cover medical expenses for needy families and for people who are aged, blind, or disabled. *See* 42 U.S.C.A. § 1396 (1991); *see also* 22 M.R.S.A. § 3174–G(1–A) (Supp.1999).

2. This figure represents Greely's income in excess of $315 per month, which is known as the "Protected Income Level."

3. By the time of the fair hearing, Greely's Social Security had increased to $759.80 per month due to the Cost of Living Adjustment (COLA).

and an opportunity to be heard on the change in his benefits. Greely's real contention, in essence, is that the eligibility standards for receipt of Medicaid benefits are overly restrictive. These eligibility standards are determined by the Legislature. There is no constitutional right to a minimum level of Medicaid benefits, and no court has so held. Moreover, the United States Supreme Court, in a similar case, found no equal protection violation. *See Schweiker v. Hogan,* 457 U.S. 569, 591–92, 102 S.Ct. 2597, 73 L.Ed.2d 227 (1982).

[¶ 7] Greely further contends that the fair hearing was affected by bias because it was conducted by an employee of the Department. The use of an agency employee to preside over an administrative hearing, however, is specifically authorized by statute. *See* 5 M.R.S.A. § 9062(1) (1989). Absent a claim of actual bias, there is no basis for vacating the Department's decision. *See Turner v. Apollonio,* 441 A.2d 679, 684 (Me.1982).

[¶ 8] Greely contends that the Department's decision was an abuse of its discretion. We disagree. An abuse of discretion is "any unreasonable, unconscionable and arbitrary action taken without proper consideration of facts and law pertaining to [the] matter submitted." *Black's Law Dictionary* 11 (6th ed.1990) (citing *Harvey v. State,* 458 P.2d 336, 338 (Okla.Crim.App.1969)). Here, the Department applied the law and its regulations to an uncontested state of facts regarding Greely's income level, and determined that he was no longer eligible for full Medicaid benefits. The undisputed evidence in the record concerning Greely's income level supports the decision of the Department. Indeed, the Department has no discretion

to exercise when applying the facts to the law, and came to the only possible decision in compliance with the law. It is only the Legislature that can change the eligibility standards for receipt of Medicaid benefits.

 [¶ 9] Finally, Greely contends that the burden of proof was improperly placed on him. Contrary to Greely's contention, the party seeking review of agency action has the burden of proof to show that the decision of the agency is not supported by competent evidence. *See Maine Bankers Ass'n v. Bureau of Banking,* 684 A.2d 1304, 1306 (Me.1996).[4]

The entry is:

Judgment affirmed.

---

4. It appears that, pursuant to an order of the Superior Court (Cumberland County, *Brennan, J.*). Greely is still receiving benefits pending the outcome of this appeal. The hearing officer described to Greely the appeal process under Rule 80C, and a representative from the Department tried to assist Greely in finding way to bridge the gap created by the change in benefits. In this regard, the Department seems to have done a great deal to help Greely to the extent it was able to do so. Moreover, the Department is attempting to work with Greely to get him enrolled in the Elderly Low Cost Drug Program, which should assist him considerably.