STATE OF MAINE
CUMBERLAND, ss

Maine Care Services, Inc.,

     Petitioner

v.                                                    DECISION AND ORDER

Department of Human Services,

     Respondent


Petitioner Maine Care Services, Inc. (MCS) was a "sponsoring organization" under the Child and Adult Care Food Program (CACFP). On 3/24/99, the Department of Human Services (DHS) informed MCS that it was "seriously deficient" and that it had until 5/24/99 to respond to "Requirements for Corrective Action." DHS Ex. 2; see 7 C.F.R. § 226.6(c) (2001). On 5/24/99, MCS wrote to DHS and stated that it had substantially complied with the requested corrective action. MCS Ex. 74. On 7/26/99, DHS sent MCS a notice of termination from participation in the Child and Adult Food Care Program based on MCS's failure to comply with the corrective action requirements. DHS Ex. 4.

MCS appealed the termination and a hearing was held. Me. Dep't of Hum. Servs. Admin. Hearing Reg. 10 144 001 § VI(B) (February 7, 1996). The Hearing Officer recommended that DHS reverse its termination of MCS. Record Ex. B. DHS objected to the recommended decision. Record Ex. C. On 8/14/00, the DHS Commissioner issued a final decision and determined that DHS correctly terminated MCS. Record Ex. E. MCS appeals that decision. See M.R. Civ. P. 80C; 5

M.R.S.A. § 11007 (1989).

MCS argues the following:

(1) the Hearing Officer's decision is the final decision in this matter;

(2) the Commissioner's decision was made upon unlawful procedure and is a violation of due process;

(3) the Commissioner received ex parte communications;

(4) the Commissioner's conclusions of law are not supported by the findings of fact.

For the following reasons, the Commissioner's decision is VACATED and the case is REMANDED.

## 1.    HEARING OFFICER DECISION

Upon MCS's request for a hearing, the Commissioner referred this matter to a hearing officer pursuant to DHS Administrative Hearing Regulations. See Me. Dep't of Hum. Servs. Admin. Hearing Reg. 10 144 001 §§ IV(O) & V(A) & (D), VI(A) (February 7, 1996). The Commissioner requested that the hearing officer make a recommended decision and reserved final decision making authority to himself. See id. § VII(B)(5). MCS objected to this procedure after the hearing was held and the Hearing Officer's decision was issued.

The current Administrative Hearing Regulation became effective in February, 1996 and provides that its procedures supersede and replace any inconsistent or conflicting regulations unless required by state or federal law or federal regulations. See id. § I, ¶ 3. Neither Maine nor federal law requires that a hearing officer's recommended decision be the final decision. See 5 M.R.S.A. §

9062(1) (1989); 7 C.F.R. § 226.6(k) (2001); Me. Dep't of Hum. Servs. Admin. Hearing Reg. 10 144 001 §§ IV(O), V(A) & (D), VII(B)(5) (February 7, 1996). Because DHS has established administrative appeal procedures; CACFP appeal procedures do not apply. See 7 C.F.R. § 226.6(k). Further MCS waived this issue by not objecting to the order of reference. MCS objected by letter dated 5/30/00, over three months after the Hearing Officer's 2/4/00 decision, which followed several days of testimony. See Record Exs. B & D; New England Whitewater Ctr., Inc. v. Dep't of Inland Fisheries and Wildlife, 550 A.2d 56, 58 (Me. 1988) (Rule 80C plaintiffs expected to raise issues before agency in order to preserve issues for appeal).

2. **COMMISSIONER'S DECISION MADE UPON UNLAWFUL PROCEDURE AND VIOLATES DUE PROCESS**

The petitioner argues that the Commissioner's decision was unlawful because he did not hear the evidence in this case. See Petitioner's Mem. at 9. That is not required. An agency can authorize a person to preside over a hearing. See 5 M.R.S.A. § 9062(1) (1989); Me. Dep't of Hum. Servs. Admin. Hearing Reg. 10 144 001 § VII(B)(5); Greely v. Comm'r, Dep't of Human Servs., 2000 ME 56, ¶7, 748 A.2d 472, 474 (statute authorizes agency employee to preside over administrative hearing). Sufficient review of evidence and argument is required. See Davric Maine Corp. v. Maine Harness Racing Comm'n, 1999 ME 99, ¶16, 732 A.2d 289, 295 (where Legislature provides, administrative agency can delegate powers to subordinate officer).

3. **EX PARTE COMMUNICATIONS**

The Commissioner consulted with and received advice from the Chief

Administrative Hearing Officer and Deputy Commissioner. The record does not show that either participated in the proceeding as an advocate. See 5 M.R.S.A. § 9055(2)(A) & (B) (1989) (advice from members of agency staff who did not and will not participate in adjudicatory proceeding in advocate capacity is not prohibited); Me. Dep't of Hum. Servs. Admin. Hearing Reg. 10 144 001 § V(B)(2) (February 7, 1996).

The Commissioner also received a letter from Francis Zorn, Administrator for the Northeast Region of the Food and Nutrition Service of the United States Department of Agriculture. Record Ex. C. A copy of the letter was sent to counsel for MCS and DHS, although not by Francis Zorn. Because counsel received the letter and had the opportunity to respond, the Zorn letter cannot be considered an ex parte communication. See Me. Dep't of Hum. Servs. Admin. Hearing Reg. 10 144 001 § V(B)(1); Bickerman Letter dated 2/16/00; Whiting Letter dated 2/23/00; Bickerman Letter dated 2/25/00.

4.    COMMISSIONER'S CONCLUSIONS OF LAW

Every Reasonable Opportunity

The petitioner argues that the Commissioner applied incorrectly the "every reasonable opportunity" requirement in the federal regulations. A state agency "shall afford an institution every reasonable opportunity to correct problems before terminating the institution for being seriously deficient." 7 C.F.R. § 226.6(c). The federal regulations do not define the term "every reasonable opportunity". See Record Ex. E at 1; 7 C.F.R. § 226.2 (2001).

The Commissioner expressly rejected the meaning of "every reasonable

opportunity" advanced by the United States Department of Agriculture and the CACFP. Record Ex. E at 1. He determined that he would use common sense, fairness, and a review of relevant parts of the record to determine whether MCS was given every reasonable opportunity before its termination. See Record Ex. E at 2. The Commissioner stated that he was the ultimate interpreter of policy for the Department and that the courts give deference to that interpretation. See Record Ex. E at 1; CWCO, Inc. v. Superintendent of Ins., 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261 (special deference due when issues are within scope of agency's technical expertise).

DHS gave MCS 60 days to respond to requirements for corrective action. See DHS Ex. 2; HO Ex. 4; 7 C.F.R. § 226.6(c); Arkansas Dep't of Human Servs. v. Arkansas Child Care Consultants, Inc., 889 S.W.2d 24, 25 (1994) (sponsor given 50 days, not 15 days provided by regulation). MCS was expected to correct the deficiencies within the time frame provided and not simply to develop a plan for correction of the deficiencies. See DHS Ex. 2. DHS provided a "Corrective Action" for each deficiency. See DHS Ex. 2, Enclosure 2.

Considerable deference is given to an agency's interpretation of its own internal rules, regulations, and procedures. The court will not set aside the agency's interpretation unless a rule or regulation plainly compels a contrary result. See Fryeburg Health Care Ctr. v. Dep't of Human Servs., 1999 ME 122, ¶ 7, 734 A.2d 1141, 1143. The Commissioner concluded that the Department acted correctly when "after providing reasonable opportunity for corrective action, it finally terminated Maine Care Services, Inc. from participation in the CACFP." Record Ex. E at 5; Hearing Officer (HO) Ex. 4. As discussed below, that conclusion is contrary to the specific

findings by the Hearing Officer, which were adopted by the Commissioner. See Record Ex. B at 38-41.

### Corrective Actions

The petitioner argues that the Commissioner's conclusions that MCS's responses to corrective actions were legally unacceptable are not supported by the findings of fact. See Record Ex. E at 3-4. The Commissioner accepted the Hearing Officer's findings of fact in the recommended decision. See id. at 1. Instead of adopting the Hearing Officer's Recommended Decision, however, the Commissioner adopted the "interpretation of the pertinent statutes, regulations and facts offered by the Department's Responses and Exceptions." Id.; Record Exs. A, C.

The issue in this case is not whether there is evidence in the record to support the findings and conclusions. There is no argument that the Hearing Officer's factual findings, adopted by the Commissioner, are not supported by competent evidence. See McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n, 1998 ME 179, ¶ 6, 714 A.2d 818, 820. The issue is whether, having specifically adopted those findings, the Commissioner's conclusions are reasonable, just, and lawful. See Pine Tree Tel. & Tel. Co. v. Pub. Utils. Comm'n, 634 A.2d 1302, 1304 (Me. 1993).

An agency's decision will not be reversed because inconsistent conclusions could be drawn from the record if there is substantial evidence to support them. See Seven Islands Land Co. v. Maine Land Use Regulation Comm'n, 450 A.2d 475, 479 (Me. 1982). The conclusions cannot, however, be inconsistent with the adopted findings, which are supported by the evidence in the record.

The Commissioner was not required to adopt the Hearing Officer's findings.

See Me. Dep't Hum. Servs. Admin. Hearing Reg. 10 144 001 § VII(B)(5). Adopting those findings, however, precludes a review of the record to make findings and conclusions inconsistent with the Hearing Officer's findings. Compare Record Ex. E at 4 ("As the record reflects, Maine Care Services was more interested in using its time in questioning the legality of the corrective action requirements . . . .") with Record Ex. B at 14, 38, 40, 41.

For example, the Commissioner concluded that with regard to Corrective Action 1c, "[t]his directive was sent to Maine Care Services in February, with instructions to copy and distribute. Unacceptable." Record Ex. E at 3. There is evidence in the record to support the Commissioner's conclusion that MCS did not comply with Corrective Action Requirement 1c by the 5/24/99 deadline. See, e.g., Record Ex. B at 18-19; Record Ex. A, DHS Closing at 13-14; MCS Ex. 74 (Bauer Letter dated 5/24/99); Transcript of 12/16/99 Hearing at 178-186; contra Record Ex. C, Whiting Letter dated 2/24/00 at 4 (Summary). That conclusion is, however, contrary to the Hearing Officer's findings of fact. See Record Ex. B at 18-19.

The evidence also supports the Commissioner's conclusion that MCS's responses included challenges to legal authority, denials and evasions, and not requests for assistance or responses to DHS's notice of serious deficiencies, as the Hearing Officer found. See Record Ex. E at 2; Record Ex. B at 14-41; see e.g., MCS Ex. 74 (Bauer Letters dated 4/13/99, 5/15/99, 5/24/99); Transcript of 12/17/99 Hearing at 10-11. That conclusion is, again, contrary to the Hearing Officer's findings, adopted by the Commissioner. See, e.g., Record Ex. B at 14 (¶ 14), 18, 20, 22, 24-28, 30, 32, 35, 37-41. The Hearing Officer specifically found the following:

Throughout this correspondence, Maine Care Services repeatedly requested assistance from the Department . . . .

Additionally, the Department virtually ignored Maine Care Services' numerous requests for specific assistance.

For whatever reason, the Department made it all but impossible for Maine Care Services to meet[s] the Department's definition of complying with the corrective action requirements.

In the remaining responses issued by Maine Care Services, it had pleaded for assistance in order to fully comply with the particular corrective action requirements. These calls for assistance were unanswered in spite of the Department's regulatory duty to supply such assistance.

Record Ex. B at 14, 38, 40, 41. After adopting those findings, the Commissioner stated: "I find that Maine Care Services' 'pleas for assistance' were anything but." Record Ex. E at 2.

The Hearing Officer's findings and the Commissioner's conclusions based on those findings cannot be reconciled. To the extent that the Commissioner makes additional findings based on DHS's interpretation of facts or based on the record, those additional findings cannot be reconciled with the Hearing Officer's findings. See Record Ex. E at 1, 3-4.

The entry is

> The Decision of the State of Maine, Department of Human Services is VACATED. The Case is REMANDED to the Commissioner of the Department of Human Services for "further proceedings, findings of fact or conclusions of law" consistent with this Decision. See 5 M.R.S.A. § 11007(4)(B) (1989).

Date: September 12, 2001

Nancy Mills
Justice, Superior Court

Date Filed ___09-07-00___ ___CUMBERLAND___ Docket No. ___AP 00-076___
County

Action ___APPEAL - 80C___

MAINE CARE SERVICES, INC.                    STATE OF MAINE, DEPARTMENT OF
                                             HUMAN SERVICES

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| STEPHEN C. WHITING, ESQ 780-0681 | PETER B. BICKERMAN, ESQ. 622-3889 |
| 75 PEARL ST., -SUITE 207 | 45 MEMORIAL CIRCLE |
| PORTLAND ME 04101 | AUGUSTA ME 04332-5307 |

| Date of Entry | |
|---|---|
| 2000 Sept. 08 | Received 09-07-00: Complaint Summary Sheet filed. Petition for Review with Attachments filed. |
| Sept. 26 | Received 9-25-00. Letter from Peter Bickerman, Esq. entering his appearance on behalf of Appellee, filed. |
| Oct. 10 | Received 10/06/00: Respondent maine Department of Human Services's Unopposed Motion for Enlargement of Time to File Administrative Record filed. |
| Oct. 13 | Received 10-12-00. Order Granting Enlargement of Time filed. (Mills, J.) It is hereby ordered that the respondent's motion for enlargement of time is granted. Absent further order of the court, the administrative record shall be filed no later than 11-9-00. 10-13-00 copy mailed to: Stephen Whiting and Peter Bickerman Esqs. |
| Nov 6 | Received 11-06-00 Plaintiff's Amended Complsint filed. |
| Nov. 8 | Received 11-7-00. Exhibit G to be attached to Plaintiff's Amended Complaint, filed. (Exhibit G attached this day.) |
| " " | Administrative Record, filed. (located in 2 boxes below civil forms at front counter) |
| Nov. 8 | On 11-8-00. Briefing schedule mailed. Petitioner's brief due 12-13-00. |
| Nov. 14 | Received 11-14-00. Letter from Stephen Whiting Esq. regarding briefing scheduled. |
| "" | On 11-14-00. Notified Atty. Whiting brief is due 12-17-00 not 12-13-00. |