STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. AP-02-59
                                                            AP-02-65

YORK INSURANCE COMPANY
OF MAINE,
                Petitioner,

        v.

MAINE BUREAU OF INSURANCE,
DONNA WOOD, AND GREGORY WOOD,
                Respondents;

                                          ORDER ON 80C APPEALS

YORK INSURANCE COMPANY
OF MAINE,
                Petitioner,

        v.

MAINE BUREAU OF INSURANCE,
DORI HALLMAN, AND CARL
HALLMAN
                Respondents.

        York Insurance Company of Maine (York) appeals the Findings and Decision of

the Superintendent of the Bureau of Insurance in two separate hearings.[1] York appeals

both decisions of the Hearing Officer finding that York had not met its burden of

establishing adequate statutory grounds for non-renewal of the homeowners' policy

for Donna and Gregory Wood (Woods) and Dori and Carl Hallman (Hallmans).[2]

                        **FACTUAL BACKGROUND**

---

[1] The Order on both appeals is consolidated, per agreement of the parties.

[2] 24-A M.R.S.A. § 3051 states in pertinent part:
        The reason or reasons for the intended nonrenewal action shall accompany the
        notice of intent not to renew and the reason or reasons shall be explicit.
        Explanations such as "underwriting reasons," "underwriting experience," "loss
        record," "location of risk," "credit report" and similar insurance terms are not by
        themselves acceptable explanations of an insurer's intended nonrenewal of a policy
        insuring property of the kind defined in section 3048. *The reason for nonrenewal
        shall be a good faith reason rationally related to the insurability of the property.*

## The Woods

York has insured the Woods' residence since June 10, 1994. At that time, there was not a daycare business on the premises. In 1998, York was asked to write the commercial daycare policy, but declined. The Woods obtained daycare liability coverage through United States Liability Company.

In 2002, while collecting information for a personal automobile policy, York became aware of the daycare business on the premises. In April 2002, York mailed a notice of non-renewal effective June 10, 2002. The reason stated for non-renewal was "Daycare Business Conducted on Premises." The Woods requested a hearing, which was held on June 6, 2002, before Hearing Officer Mayette.

## The Hallmans

York, or its predecessor, has insured the Hallmans' residence since December 14, 1984. The daycare business did not commence until 1999, at which time the Hallmans obtained commercial coverage through Empire Fire and Marine Insurance Company. In May of 2002, a claims adjuster notified a personal lines underwriter that there was a daycare business on the premises. On May 24, 2002, York mailed a notice of non-renewal effective December 14, 2002. The reason stated for non-renewal was "discovery of a business conducted on the premise [sic], the insured is currently operating a day care business on the insured premises substantially increasing our liability exposure." The Hallmans requested a hearing, which was held on August 6, 2002, before Hearing Officer Mayette.

## The Hearings

At both hearings, York's representatives argued that they perceived a risk with the company's duty to defend a potential lawsuit against the insureds, notwithstanding the policy's business exclusion and the existence of the separate commercial insurance

coverage. York asserted that the duty to defend is broader than the duty to indemnify; the increased activity at the Respondents' respective residences increased York's potential liability, albeit for defense costs, not benefits. York supported it contention regarding liability by providing a recent Law Court case, Elliot v. Hanover Ins. Co. 1998 ME 138, 711 A.2d 1310 in which a homeowner's insurance company was held to have a duty to defend when the claim resulted from business activity on the property. York also provided examples of claims for which York paid losses arising out of a daycare business because of a dispute between the daycare liability insurer and the homeowner liability insurer.

Taking the arguments, cases, and the instant facts under advisement, Hearing Officer Mayette concluded that York had not established adequate grounds for policy non-renewal. The Hearing Officer reasoned;

> There is no indication in the four daycare-related court cases [Elliott; and VA, IL and OH cases] submitted by the company that any of those insureds had a general liability policy covering their business exposure. It would seem reasonable that a policy specifically covering the business exposure would respond to any daycare-related claims, thus shielding the homeowners policy, at least in part, from any duty to defend.

York took these appeals.

## DISCUSSION

Any party aggrieved by a final agency action shall be entitled to judicial review in the Superior Court. 24-A M.R.S.A. §236 (appeals from the decision of the superintendent or his representatives shall be pursuant to the APA, 5 M.R.S.A. § 11001). See also M. R. Civ. P. 80C(a). On review, the court may either affirm, remand, reverse, or modify the agency's decision. 5 M.R.S.A. § 11007 (4). The court's review shall be limited to the record before the agency upon which the agency decision was based. 5 M.R.S.A. § 11006 (1). "The court shall not substitute its judgment for that of the agency on questions of fact." 5 M.R.S.A. § 11007 (3).

"The standard of review is limited to whether the governmental agency abused its discretion, committed an error of law, or made findings not supported by substantial evidence in the record." Seider v. Board of Examiners of Psychologists, 2000 ME 206, ¶ 8, 762 A.2d 551, 555 (Me. 2000) (quotation and citation omitted). "The party seeking review of agency action has the burden of proof to show that the decision of the agency is not supported by competent evidence. Greely v. Commissioner, Dep't of Human Servs., 2000 ME 56, ¶ 9, 748 A.2d 472. "When an agency concludes that the party with the burden of proof failed to meet that burden, we will reverse that determination only if the record compels a contrary conclusion to the exclusion of any other inference." Hale-Rice v. Maine State Retirement System, 1997 ME 64, ¶ 17, 691 A.2d 1232) (citing Douglas v. Board of Trustees, 669 A.2d 177, 179 (Me. 1996)(equating the standard to the arbitrary and capricious language of the APA)

The courts "have recognized a legislative intent to delegate broad authority . . . , when the statutory language is ambiguous." Jasch v. Anchorage Inn, 2002 ME 106, ¶ 9, 799 A.2d 1216. Statutory construction is a matter of law. Town of Eagle Lake v. Comm'r, Dep't of Educ., 2003 ME 37, ¶ 7, 818 A.2d 1034. To determine the intent of the Legislature, "we look first to the statute's plain meaning and, if there is ambiguity, we look beyond that language to the legislative history." Id. (quotation and citation omitted).

In the instant case, there are two terms at the center of the dispute: "good faith reason"[3] and "insurability."[4] See supra note 1. The Hearing Officer had to determine

---

[3] "Good faith" means:
> A state of mind consisting in (1) honesty in belief or purpose, (2) faithfulness to one's duty of obligation, (3) observance of reasonable commercial standards of fair dealing in a given trade or business, or (4) absence of intent to defraud or to seek unconscionable advantage.

BLACK'S LAW DICTIONARY 701 (7th ed. 1999).

4

whether York possessed a reason, based on reasonable commercial standards of fair dealing in the insurance industry, which impacted its decision not to renew the insureds' policy. The record before the Hearing Officer and this court compels a finding that York met this burden. Hale-Rice v. Maine State Retirement System, 1997 ME 64, ¶ 17, 691 A.2d 1232. The Hearing Officer's findings to the contrary are not supported by substantial evidence on the record. Seider v. Board of Examiners of Psychologists, 2000 ME 206, ¶ 8, 762 A.2d 551.

Insurance companies are in the business of insuring risks. In so doing, the companies rely on prior and related experiences and actuarial calculations to complete a risk assessment – to determine insurability. The evidence at the hearing indicates that York determined that the risk was too great to continue covering a residence with daycare facilities. It is not the province of the Superintendent of the Bureau of Insurance, through the Hearing Officer, to determine the level of acceptable risks for an insurance company. The only determination necessary was whether York met its burden for issuing a non-renewal notice. The Hearing Officer went too far in weighing the likelihood that a commercial carrier's coverage would shield York from liability. The evaluation of such risks is the primary responsibility of the underwriters for York Insurance, not the Superintendent of Insurance. The purpose of this Act was not to conscript the insurance companies conducting business in Maine and commandeer their autonomous underwriting procedures and principles, but to ensure that Maine residents would not have property insurance coverage stripped away absent a

---

[4] "Insurability" means "insurable," or "ab[ility] to be insured." BLACK'S LAW DICTIONARY 802 (7th ed. 1999).

warning, a hearing, and a reason. 24-A M.R.S.A. § 3048 (2000).[5] In the present case, that purpose was protected.

The entry is

The Decisions of the Superintendent of the Bureau of Insurance are REVERSED.

Dated at Portland, Maine this 6th day of August, 2003.

Robert E. Crowley
Justice, Superior Court

---

[5] "The purpose of [the Maine Property Insurance Cancellation Act] is to limit a company's right to cancel certain policies covering real property which is used solely for residential purposes and to contractually obligate a company to give proper notice of nonrenewal and to furnish reasons for any termination f the contract. L.D. 666, Statement of Fact (106th Legis. 1973). See also 24-A M.R.S.A. §§ 3048(1)-(3) (limiting the scope of the act to real property used solely for residential purposes and excluding personal property "used in the conduct of a commercial or industrial enterprise").

Date Filed 11-05-02    Cumberland    Docket No. AP-02-59
                          County

Action  80C Appeal

York Insurance Company of Maine, Inc.        Maine Bureau of Insurance   and
                                             Donna L. Wood and
                                             Gregory Wood

                                    vs.

Plaintiff's Attorney                         Defendant's Attorney

        James D. Poliquin Esq.                   Andrew L. Black
        P.O. Box 4600                            Assistant Attorney General
        Portland, Maine 04112-4600              6 State House Station
        (207) 774-7000                           Augusta, Maine 04333-0006

---

Date Filed     11-25-02       CUMBERLAND          Docket No. AP02-65
                               County

Action   80C APPEAL

YORK INSURANCE COMPANY OF MAINE, INC.        MAINE BUREAU OF INSURANCE
                                             CARL HALLMAN
                                             DORI HALLMAN

                                    vs.

Plaintiff's Attorney                         Defendant's Attorney

James Poliquin Esq.                              Andrew Black AAG (ME. BUR. OF INS)
PO BOX 4600                                      6 State House Station
Portland ME 04112                                Augusta ME 04333

                                                 Dori Hallman (Pro Se)
                                                 Carl Hallman (Pro Se)