STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
DOCKET NO. AP-05-88

REC ..CUM- 11/3/2006

LAWRENCE O'BRIEN,

Petitioner

vs.

ORDER ON 80C APPEAL

DONALD L. GARBRECHT
LAW LIBRARY

JAN 17 2007

COMMISSIONER, MAINE
DEPARTMENT OF HEALTH
AND HUMAN SERVICES

Respondent

Before the court is Lawrence O'Brien's ("Petitioner") appeal, pursuant to M.R. Civ. P. 80C, of a final decision by the Commissioner of the Department of Health and Human Services ("Department") upholding the substantiation of Petitioner for "neglect" under the Adult Protective Services Act, 22 M.R.S.A. §§ 3470-3493.

## BACKGROUND

Petitioner worked as a Direct Service Professional at a group home housing two adult men with mental retardation. On March 12, 2005, he and his co-worker Katherine were on duty during the day shift. During the morning Petitioner shoveled snow outside the home for approximately an hour and a half. While he was shoveling, Katherine brought him multiple beverages.

During the time in question, John Rand worked the night shift at the group home. When he arrived at the house to join Petitioner and Katherine for dinner in the early evening he observed Petitioner "making advances" on Katherine and slightly later saw Petitioner "sleeping or passed out" with his head on a desk. Next to Petitioner was a mostly empty bottle of whiskey.

1

On March 15, 2005 Petitioner was reported to the Department's Adult Protective Services Unit for an incident that may constitute abuse, neglect or mistreatment of persons with mental retardation. An investigator was assigned to the case. The investigator interviewed Mr. Rand, who described what he observed upon arrival at the home, and Katherine who told him about various incidents on March 12 that led her to believe that Petitioner "was obviously drunk." The investigator also interviewed Petitioner. Petitioner denied bringing liquor to work, denied being intoxicated and stated that allegations about him were being made up in order to "get him out of there." Petitioner then stated he would resign from his position at the group home and terminated the interview.

Based on this information, the investigator "substantiated" Petitioner for neglect. Petitioner appealed the substantiation on April 6, 2005. An administrative hearing was held on September 21, 2005. At this hearing, Mr. Rand, the investigator and Petitioner testified. Based on this testimony the Hearing Officer reversed the substantiation for neglect, finding that the Department failed to sustain its burden of proof.

The Hearing Officer submitted his Recommended Decision to the Commissioner. The Commissioner has the authority to make final decisions on Adult Protective Services substantiations. In his October 21, 2005 decision, the Commissioner reinstated the substantiation for neglect. In support of his determination, the Commissioner noted that while "[t]he Hearing Officer found credible [Petitioner's] testimony that he unknowingly consumed Jim Beam whiskey in the form of several large mixed drinks served to him by his co-worker, which drinks contained either juice or soda together with large

quantities of whiskey," he found the evidence supporting that conclusion "incredible." Petitioner timely filed the present appeal.

## STANDARD OF REVIEW

The Court may reverse a final agency decision only if its "findings, inferences, conclusions or decisions are: (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by bias or error of law; (5) Unsupported by substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion." 5 M.R.S.A. § 11007. It is not for the Court to determine whether it would have reached the same result as the agency, but to decide whether the record contains competent and substantial evidence in support of the decision reached. *CWCO, Inc. v. Superintendent of Insurance*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261. The party seeking review of final agency action has the burden of proof. *Greely v. Comm'r, Dep't of Human Servs.*, 2000 ME 56, ¶ 9, 748 A.2d 472, 474. In order to meet this burden, a petitioner must demonstrate that the record compels a contrary conclusion. *Magnetic Resonance Technologies of Maine v. Comm'r, Maine Dept. of Human Servs.*, 652 A.2d 655, 659 (Me. 1995).

Because the Hearing Officer presented only a recommended decision to the Commissioner, the Commissioner was not required to show deference to the Hearing Officer's findings of fact and was free to independently review the record and reach his own conclusions. *See* 10-144 C.M.R. Ch. 1 §§ IV(O), VI(B)(5)(a), VI(B)(5)(b), VII(B)(5); *see also Green v. Comm'r of the Dep't of Mental Health, Mental Retardation and Substance Abuse Servs.*, 2001 ME 86, ¶ 11, 776 A.2d 612, 615-16. Because the Commissioner made the final agency decision, "[i]t is the

3

Commissioner's findings that are subject to review for clear error and not those of the hearing officer." *Green*, 2001 ME 86, ¶ 12, 776 A.2d at 616. "As the unsuccessful party at the trial level, in order to disturb the Commissioner's findings, it is [Petitioner's] burden to show more than that there was competent evidence to support [his] position; [he] has to demonstrate that there was no *competent* evidence to support those findings." *Id.* ¶ 12, 776 A.2d at 616.

## DISCUSSION

On appeal, Petitioner argues that "[w]hen I, Lawrence O'Brien, testified at my Administrative Hearing on September 21, 2005 I neglected to bring up two crucial factors in the events that took place on March 12, 2005." Petitioner believes that this "critical information . . . could dissuade [the] Commissioner . . . from reversing the decision of [the Hearing Officer]." This argument does not purport to meet Petitioner's burden of showing that the record compels a result different from that reached by the Commissioner. Rather, it is best understood as requesting that this Court order the taking of additional evidence at the agency level. Such action is contemplated by M.R. Civ. P. 80C(e) and 5 M.R.S.A. § 11006(1). Even if Petitioner's brief could properly be treated as a motion for the taking of additional evidence before an agency, however, the motion is untimely.

Under M.R. Civ. P. 80C(e) "[a] party who intends to request that the reviewing court take additional evidence or order the taking of additional evidence before an agency . . . shall file a motion to that effect within 10 days after the record of the proceedings is filed . . . . " The record in this case was filed on April 24, 2006. Petitioner's brief, containing his request for the taking of additional evidence, was filed on June 5, 2006. This is well outside the time period for such a motion to be filed. Because a party's failure to properly request

4

the taking of additional evidence before an agency "shall constitute a waiver of any right to the taking of additional evidence," Petitioner's motion must be denied. M.R. Civ. P. 80C(e). As Petitioner makes no argument that the record compels a different result from the one reached by the Commissioner, that decision must be affirmed.

The entry is:

Petitioner's 80C appeal is DENIED.

Dated at Portland, Maine this 3rd  day of November , 2006.

Robert E. Crowley
Justice, Superior Court

COURTS
ıd County
ıx 287
ə 04112-0287

LAWRENCE O'BRIEN
630 WASHINGTON AVE
PORTLAND ME 04103

= COURTS
nd County
ɔx 287
ıe 04112-0287

CHRISTOPHER LEIGHTON AAG
DEPARTMENT OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006