STATE OF MAINE                                        SUPERIOR COURT
CUMBERLAND, ss.                                       CIVIL ACTION
                                                     Docket No. AP-2023-21

PRESCOTT MCCURDY,                    )
                                     )
        Petitioner,                  )
                                     )
v.                                   )               DECISION
                                     )
SECRETARY OF STATE, ET AL.,          )
                                     )
        Respondents.                 )

Pursuant to Maine Rule of Civil Procedure 80C, Petitioner Prescott McCurdy seeks

judicial review of a decision issued by the Bureau of Motor Vehicles on May 2, 2023 (the

"Decision"), after hearing. For the following reasons, the Court denies Mr. McCurdy's

appeal.

I.      Background

        On January 28, 2023, Atlantic Coast Towing ("ACT") towed Mr. McCurdy's 2007

GMC Sierra, vehicle identification number 1GTEK19C37ES00606 (the "GMC"), at the

request of the Brunswick Police Department. (R. Tab 4.) ACT submitted an Application

for Certificate of Title along with a Notice to the Secretary of State of An Abandoned

Vehicle dated January 29, 2023. (R. Tab 4.)

        The Secretary of State sent a notice of ACT's claim and a notice of right to hearing

dated February 17, 2023, to Mr. McCurdy. (R. Tab 4.) Mr. McCurdy requested an

administrative hearing. (R. Tab 4.) A hearing was held on April 25, 2023. (R. Tab 3.) The

notice of hearing dated March 30, 2023, informed Mr. McCurdy that the sole issue to be

determined at the hearing was whether he could "show cause why the Secretary of State

should not issue a certificate of title or certificate of ownership to the party listed in your

notice from the Bureau of Motor Vehicles, Title Section." (R. Tab 5.)

At hearing, the hearing examiner questioned a representative of ACT, Randy Haines, regarding the basis for its application. (R. Tab 3 at 14-20.) Mr. McCurdy was given an opportunity to cross-examine Mr. Haines, which he declined. (R. Tab 3 at 20-21.) Mr. McCurdy testified that he did not consent to ACT storing the GMC, and the hearing examiner credited that testimony. (R. Tab 3 at 27; R. Tab 2.) He argued that the administrative hearing and the seizure of his vehicle by order of the Brunswick Police Department violated his constitutional rights. (R. Tab. 3 at 24-30.)

On May 2, 2023, the hearing examiner issued the Decision. (R. Tab 2.) She found that ACT established that they towed the vehicle at the direction of the Brunswick Police Department on January 28, 2023, that the towing charge was $120.00, and that total charges including storage charges totaled $1,120.00 as of February 17, 2023, accruing at a rate of $50.00 per day. (R. Tab 2.) She found that ACT properly applied for title to the GMC pursuant to 29-A M.R.S. § 1851(2). (R. Tab 2.) The Decision concluded that Mr. McCurdy had "until May 16, 2023, to pay $2520 to Atlantic Coast Towing to retrieve his vehicle . . . . If payment is not made, title of the 2007 GMC Sierra (VIN1GTEK19C37E500606) shall pass to Atlantic Coast Towing, after the thirty (30) day appeal period has lapsed." (R. Tab 2.)

## II. Rule 80C Standard

The Maine Administrative Procedure Act confers jurisdiction on the Superior Court to review final agency actions. *See* 5 M.R.S. §§ 11001-11008 (2023). Maine Rule of Civil Procedure 80C provides the procedure for appealing final agency action to the Superior Court.

Judicial review of administrative agency decisions is "deferential and limited." *Friends of Lincoln Lakes v. Bd. of Env't Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128. The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or

all reasonable charges for towing, storing and authorized repair of the vehicle within 14 days after the notices to the owner and lienholder are sent by the Secretary of State." The subchapter applies to vehicles that are "towed . . . at the direction of a law enforcement officer." 29-A M.R.S. § 1851. The dictionary definitions cited by Mr. McCurdy are not applicable because "abandoned" is clearly defined in the applicable statute.

The Secretary of State "may issue certificates of title or letters of ownership" so long as the Secretary is "satisfied that notice has been made to all parties with an interest in the vehicle." 29-A M.R.S. § 1856(2). "If the owner or lienholder of the vehicle retrieves it and pays the towing, storage and repair charges before the Secretary of State issues a letter of ownership or certificate of title, the person holding the vehicle must immediately release it to the person paying the charges and must immediately notify the Secretary of State of the release." *Id.*

In this case, the record contains evidence that ACT provided the Secretary of State with the notification and application required by 29-A M.R.S. § 1854. The record also contains evidence that Mr. McCurdy received notice from the Secretary of State and that the notice complied with 29-A M.R.S. § 1854(3). Finally, it is undisputed that Mr. McCurdy never paid ACT the towing and storage charges for the GMC. The Decision is supported by substantial evidence.

### B.     Due Process

Second, Mr. McCurdy argues that his due process rights were violated by the administrative process because the Decision was issued by a hearing examiner, who is not a judge. "Although administrative agencies must adhere to certain due process guarantees when following hearing procedures, these minimum requirements mean something less than what is demanded by courts but something more than unfettered administrative action." *Me. Real Est. Comm'n v. Jones*, 670 A.2d 1385, 1387 (Me. 1996). "The

essential requirement of due process in the administrative context is that a party be given notice and an opportunity to be heard." *Martin v. Unemployment Ins. Comm'n,* 1998 ME 271, ¶ 15, 723 A.2d 412; *see Mathews v. Eldridge,* 424 U.S. 319, 335 (1976) ("[T]he specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.").

The record reflects that Mr. McCurdy received notice of ACT's claim. A hearing was held at his request, where he had the opportunity to present evidence and cross-examine ACT's representative. Due process required no more under the circumstances.

"The use of an agency employee to preside over an administrative hearing . . . is specifically authorized by statute." *Greely v. Comm'r,* 2000 ME 56, ¶ 7, 748 A.2d 472; *see* 5 M.R.S. § 9062 (2023). Due process does not require that Mr. McCurdy be heard by a judicial officer before exhausting his administrative remedies. Mr. McCurdy is entitled to have his appeal heard by a judicial officer *after* he has exhausted his administrative remedies—a right that he is exercising by bringing this appeal.

C.    **Liberty of Contract**

Third, Mr. McCurdy argues that the Decision violates liberty of contract principles because he did not contract with ACT to store the GMC. By Mr. McCurdy's own admission, no contract existed with which the Decision interfered. And, contrary to Mr. McCurdy's contentions, he was not forced to contract with ACT. Moreover, "[f]reedom to contract is itself necessarily subject to reasonable police power measures intended to promote and preserve the welfare of citizens." *Nat'l Hearing Aid Ctrs., Inc. v. Smith,* 376

A.2d 456, 461 (Me. 1977). The hearing examiner properly applied Title 29-A in making her Decision. Mr. McCurdy's argument is without merit.

### D.    Taking or Conversion

Fourth, Mr. McCurdy argues that the Decision constitutes a conversion or a taking without just compensation. The Takings Clause provides that no "private property [shall] be taken for public use, without just compensation." U.S. Const. amend. V. The Supreme Court has held that "[t]he government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain." *Bennis v. Michigan*, 516 U.S. 442, 452 (1996).

To establish a claim for conversion, a party must show an invasion of the party's possession or right to possession by demonstrating "(1) a property interest in the goods; (2) the right to their possession at the time of the alleged conversion; and (3) when the holder has acquired possession rightfully, a demand by the person entitled to possession and a refusal by the holder to surrender." *Mitchell v. Allstate Ins. Co.*, 2011 ME 133, ¶ 15, 36 A.3d 876 (quoting *Bradford v. Dumond*, 675 A.2d 957, 962 (Me. 1996)). "'The converter need not intend any conscious wrongdoing,' but need only act with 'an intent to exercise a dominion or control over the goods which is in fact inconsistent with the plaintiff's rights.'" *Mitchell*, 2011 ME 133, ¶ 15, 36 A.3d 876 (quoting *Ocean Nat'l Bank of Kennebunk v. Diment*, 462 A.2d 35, 39 (Me. 1983)).

Respondents acted pursuant to statutory authority and did not exercise eminent domain powers. Any demand for return of the GMC made by Mr. McCurdy was insufficient because he did not pay the accrued fees as required by Title 29-A. The hearing examiner found that Mr. McCurdy abandoned a property interest in the GMC, which finding is supported by substantial evidence. Mr. McCurdy had no right to possession of

the GMC, which was lawfully stored at ACT's property. The Decision is not a taking or conversion.

### E.  Spoliation of Evidence

Fifth, Mr. McCurdy makes an argument regarding spoliation of evidence. The argument is speculative, vague, and without merit.

## IV.  Conclusion

For the foregoing reasons, Mr. McCurdy's arguments are unavailing. He has failed to meet his burden.

The entry is:

Petitioner Prescott McCurdy's Rule 80C Petition is DENIED. Respondents' Decision is AFFIRMED.

The Clerk is directed to incorporate this Decision into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: ___8/28/23___

Mary Gay Kennedy, Justice
Maine Superior Court

REC'D CUMB CLERKS OFC
AUG 28 '23 PM 12:53

Entered on the Docket: 08/29/2023

Petitioner-Prescott McCurdy Pro Se
Respondent-Donald Macomber, AAG