2005 ME 120

Michael F. **BECKER** et al.

v.

**BUREAU OF PARKS & LANDS** et al.

Supreme Judicial Court of Maine.

Argued: Oct. 21, 2005.

Decided: Dec. 8, 2005.

David P. Silk (orally), Patricia A. Hafener, Curtis Thaxter Stevens Broder & Micoleau, L.L.C., Portland, for plaintiffs.

G. Steven Rowe, Atty. Gen., Jeffrey Pidot, Asst. Atty. Gen. (orally), Amy B. Mills, Asst. Atty. Gen., for Bureau of Parks & Lands, defendant.

Jonathan B. Huntington, Eaton Peabody, Augusta, for Owen & Barbara Craighead, defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

SILVER, J.

[¶ 1] Michael F. and Beverly J. Becker appeal from the judgment of the Superior Court (Kennebec County, *Studstrup, J.*) affirming a decision of the Bureau of Parks & Lands, awarding a submerged land lease to Owen and Barbara Craighead to maintain a seasonal float system pursuant to 12 M.R.S.A. § 1862 (2005 & Supp.2005). The Beckers contend that the Bureau erred when it: (1) acted upon an incom-

plete application; (2) granted the Craigheads an exemption to the littoral zone setback requirements; and (3) awarded the lease despite interference with their riparian rights. We affirm the judgment.

 [¶2] Title 12 M.R.S.A. § 1862 authorizes the Bureau to lease submerged lands, owned by the State, for a variety of private uses. Pursuant to 12 M.R.S.A. § 1803(6) (2005), the Bureau has established rules governing submerged lands. *See also* 4 C.M.R. 04 059 053–3 §§ 1.1, 1.2 (2000). The rules also provide the application requirements and process for obtaining a submerged lands lease. 4 C.M.R. 04 059 053–14–18 § 1.7 (2000). Section 1.7(C) provides in part: "The Bureau may grant a conveyance upon receipt of a completed application and upon such terms and conditions as it deems necessary to fulfill the purposes of these Rules, the public interest, and other applicable laws." 4 C.M.R. 04 059 053–16 § 1.7(C). "We give considerable deference to an agency's interpretation of its own internal rules, regulations, and procedures and will not set it aside, unless the rule or regulation plainly compels a contrary result." *Fryeburg Health Care Ctr. v. Dep't of Human Servs.*, 1999 ME 122, ¶7, 734 A.2d 1141, 1143–44. The Bureau did not err as a matter of law, nor did it exceed its discretion, when it acted upon the Craigheads' application, which was supplemented by a site visit and submissions by both the Department of Marine Resources and the Mount Desert Harbor Master. *See Uliano v. Bd. of Envtl. Prot.*, 2005 ME 88, ¶6, 876 A.2d 16, 18.

[¶3] Turning to the Beckers' second point on appeal, 4 C.M.R. 04 059 053–11 § 1.6(B)(11)(b)(5) (2000) provides the Bureau with discretion to grant exemptions to the littoral zone setback requirements found in 4 C.M.R. 04 059 53–11 § 1.6(B)(11)(b). There is sufficient evidence in the record for the Bureau to have determined that the requirements of 4 C.M.R. 04 059 053–11 § 1.6(B)(11)(b)(5) have been met. Accordingly, the Bureau did not err in granting the Craigheads an exemption to the littoral zone setback requirement. *See Greely v. Comm'r, Dep't of Human Servs.*, 2000 ME 56, ¶8, 748 A.2d 472, 474.

[¶4] Concerning their third point on appeal, the Beckers have failed to demonstrate that the Bureau acted arbitrarily and capriciously in awarding the submerged lands lease because the record does not compel a finding that the lease will unreasonably interfere with the Beckers' common law rights as riparian property owners. *See Great Cove Boat Club v. Bureau of Pub. Lands*, 672 A.2d 91, 95 (Me.1996) (concluding that the common law rights of riparian property owners "are subject to reasonable regulation by the State in the exercise of its public trust rights").

The entry is:

Judgment affirmed.