2008 ME 48

Tammie WHEATON

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES.

Supreme Judicial Court of Maine.

Argued: April 11, 2007.
Decided: March 18, 2008.

Amy Keck, Esq. (orally), Pine Tree Legal Assistance, Bangor, ME, for Tammie Wheaton.

G. Steven Rowe, Atty. Gen., Sally H. DeMartini, Asst. Atty. Gen. (orally), Office of Attorney General, Augusta, ME, for Department of Health and Human Services.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, and SILVER, JJ.

CLIFFORD, J.

[¶ 1] Tammie Wheaton appeals from a judgment entered in the Superior Court (Penobscot County, *Mead, J.*) affirming a decision of the Department of Health and Human Services concluding that Wheaton's receipt of $500 in unrestricted monthly income as a result of her divorce property settlement agreement precludes her from being eligible for the subsistence benefit of food stamps. Wheaton contends that the payment she receives represents a property settlement that should not be classified as income for the purposes of food stamp regulations, *see* 7 C.F.R. § 273.9(b) (2007), and that the Department therefore erred in determining her to be ineligible for those benefits based on her receipt of the $500 monthly payment. We are unpersuaded by Wheaton's contentions, and we affirm the judgment.

## I. BACKGROUND

[¶ 2] The relevant facts are not in dispute. Wheaton and her former husband divorced in January of 2004, and entered into a marital property settlement agreement that was made part of the divorce judgment. Wheaton's husband continued to live in and maintain the family home and, in exchange, agreed to pay Wheaton $25,000 for her interest in the home and other marital property, payable in monthly installments of $500 for a period of fifty months.

[¶ 3] Before the divorce, Wheaton qualified for and received food stamps. While Wheaton lived in the marital home, the home was considered an excluded asset, the value of which was not included as Wheaton's income, and therefore did not make her ineligible for food stamp assistance. *See* 7 C.F.R. § 273.8(e) (2007). After the divorce, however, the Department recalculated Wheaton's food stamp eligibility, classified the $500 monthly payments being received by Wheaton as income, and concluded that she was no longer eligible to receive future food stamp benefits based on her receipt of that income. Wheaton appealed that decision within the Department. Following a hearing, the hearing officer determined that federal food stamp regulations mandate that these payments be classified as household income pursuant to 7 C.F.R. § 273.9(b), and upheld the disqualification decision. Pursuant to M.R. Civ. P. 80C, Wheaton appealed the hearing officer's decision to the Superior Court, which affirmed the hearing officer's decision. Wheaton then filed this appeal.

## II. DISCUSSION

[¶ 4] The food stamp program is governed by federal statute as well as federal and state regulations. Although

the federal government establishes the regulatory framework and funds the program, responsibility for administering the program lies primarily with state agencies. *See Strickland v. Comm'r, Me. Dep't of Human Servs.*, 96 F.3d 542, 544 (1st Cir. 1996). In Maine, the Department of Health and Human Services is the agency charged with administering the food stamp program in compliance with 22 M.R.S. § 3104(1)(A) (2007), and, pursuant to its charge, has promulgated regulations to govern the program that track the federal statute and regulations. 17 C.M.R. 10 144 301–38 to –44 §§ FS–333–1 to –4 (2007); 17 C.M.R. 10 144 301–64 to –79 §§ FS–555–1 to –6 (2007).

[¶ 5] Because the Superior Court acted as an intermediate appellate court in this case, it is the Department's decision that we are reviewing. *See Nicholson v. Bd. of Licensure in Med.*, 2007 ME 141, ¶ 7, 935 A.2d 660, 662. We do not disturb the decision of an agency such as the Department of Health and Human Services unless the agency abused its discretion, committed an error of law, or made factual findings not supported by substantial evidence in the record. *Cobb v. Bd. of Counseling Prof'ls Licensure*, 2006 ME 48, ¶ 10, 896 A.2d 271, 275. Further, we defer to an agency's construction of its own rules and regulations, and of regulations governing a program that it administers, unless a contrary result is "plainly compel[led]." *Becker v. Bureau of Parks & Lands*, 2005 ME 120, ¶ 2, 886 A.2d 1280, 1281 (quotation marks omitted).

[¶ 6] The food stamp program is not an unrestricted general welfare program, but instead is "limited to those households whose incomes and other financial resources ... are determined to be a substantial limiting factor in permitting them to obtain a more nutritious diet." 7 U.S.C.S. § 2014(a) (LexisNexis 2007). For

the purposes of the food stamp program, household income is defined as including "all income from whatever source." 7 U.S.C.S. § 2014(d) (LexisNexis 2007). Likewise, the Code of Federal Regulations tracks the federal statute by providing: "*Definition of income.* Household income shall mean all income from whatever source excluding only items specified in paragraph (c) of this section." 7 C.F.R. § 273.9(b). It also lists sixteen types of payments that are excluded as "income" for food stamp purposes, 7 C.F.R. § 273.9(c) (2007), none of which apply to Wheaton's $500 monthly cash payment; monthly income from a property settlement resulting from a divorce judgment is not listed as being excluded from income pursuant to 7 C.F.R. § 273.9(c).

[¶ 7] Wheaton's home, when she owned it, was an asset that was excluded as income for purposes of calculating food stamp eligibility. Wheaton voluntarily released that asset, however, and in exchange, receives a $500 monthly stream of income, the use of which is unrestricted. Although the $500 may not qualify as income for purposes of income tax, and may constitute a distribution of marital property for purposes of divorce law, the hearing officer construed the statute and the regulations governing the food stamp program to conclude that, unlike a home, a nonliquid asset, the $500 income stream constitutes money that is available to Wheaton for purposes of purchasing food, and therefore is not excluded from the definition of income for food stamp purposes.

[¶ 8] The Department's construction of the regulation is reasonable, and a contrary result is not plainly compelled. *See Becker*, 2005 ME 120, ¶ 2, 886 A.2d at 1281. The Superior Court correctly affirmed the decision of the Department.

The entry is:

Judgment of the Superior Court affirmed.